UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:

CARLOS MENESES a/k/a/                          CASE NO.: 05-86811-ast
CARLOS A. MENESES,                             CHAPTER 7

                        Debtor.
-------------------------------------------------------X

## MEMORANDUM OPINION DENYING MOTION TO REOPEN CASE

### Issue Before the Court

Pending before the Court is a Motion to Reopen this chapter 7 case (the "Motion") filed by Debtor Carlos Meneses ( "Debtor"). [dkt item 7]  Debtor seeks to reopen this case so he can amend his schedules to include an asset not disclosed during the pendency of his bankruptcy case and claim an exemption in such asset.  The asset is a lawsuit against the Long Island Railroad Company ("LIRR").  The LIRR, as a party-in-interest, filed an Objection to the Motion ("Objection"). [dkt item 9]  After considering the pleadings, the evidence, and the arguments raised, the Court concludes for the reasons stated herein that under the totality of the circumstances, the Motion should be denied.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (H), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Procedural History

Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Petition") on September 26, 2005. [dkt item 1]  This case was filed as a no asset case. [dkt item 1]  The notice of the commencement of this case issued by the Clerk of Court instructed creditors not to

file proofs of claim unless otherwise notified to do so. [dkt item 2-1]

On January 19, 2006, an Order was entered granting Debtor his discharge. [dkt item 5] Also on January 19, 2006, this case was closed.

On October 29, 2009, Debtor filed the Motion. [dkt item 7] On November 25, 2009, LIRR filed its Objection. [dkt item 9] On December 1, 2009, this Court held a hearing on the Motion and Objection. After hearing the arguments, the Court established a December 22, 2009, deadline for Debtor to file a supplemental affidavit, and a January 11, 2010, deadline for LIRR to file responsive papers. Thereafter, the matter would be under submission. On January 11, 2010, LIRR filed both a Supplemental Objection ("Supplemental Objection") [dkt item 10], and a Declaration in Support of the Supplemental Objection ("Declaration"). [dkt item 11] Debtor failed to file a supplemental affidavit.

## **Facts**

On December 2, 2004, Debtor, while employed as a trackworker for the LIRR, allegedly suffered injuries as the result of an on-the-job accident (the "Accident"). [dkt item 8, Exh. D] Debtor's injuries allegedly resulted in a loss of two months from work, months of medical treatment and testing, and permanent injuries to his lower back and spine. [dkt item 8, Exh. F]

As noted, on September 26, 2005, Debtor filed his Petition. [dkt item 1] Debtor was represented by legal counsel, Heath Berger, Esq. ("Bankruptcy Counsel"), when he prepared and filed the Petition. [dkt item 1-2] On Schedule B (20) of his Schedules, which requires disclosure of "[o]ther contingent and unliquidated claims of every nature . . .[,]" Debtor placed an 'X' in the "NONE" column. [dkt item 1, p.7] Debtor also placed an 'X' in the "NONE" box in response to Item 4 of his Statement of Financial Affairs, which requires a debtor to "list all suits and administrative proceedings to which debtor is or was a party within one year immediately

preceding the filing of this bankruptcy case." [dkt item 1, p.23]  Debtor electronically signed his Schedules and Statement of Financial Affairs (the "Schedules"). [dkt item 1, pp. 20, 29]  Thus, although Debtor's injuries had allegedly been suffered more than nine (9) months prior to filing his Petition, he failed to disclose the existence of such a claim.

Debtor's Schedules reflect fifteen creditors with aggregate claims of $48,868.49. [dkt item, p. 15]  All of Debtor's claims were incurred prior to June 2005.

One week after filing the Petition and Schedules, on October 3, 2005, on behalf of Debtor, Fredric M. Gold, Esq. ("Litigation Counsel") sent a letter to the LIRR legal department advising it that he represented Debtor for the injuries resulting from the Accident and seeking to facilitate the "disposition of this matter." [dkt item 11, Exh. G]

On November 9, 2005, Debtor and his Bankruptcy Counsel appeared before the duly appointed chapter 7 trustee, Andrew Thaler (the "Trustee"), for the mandatory creditors meeting held pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting").  During the 341 Meeting, Debtor provided the following sworn testimony:

ANDREW THALER:  Are you suing anybody?

CARLOS MENESES: No, sir.

ANDREW THALER:  Do you have any claims where you could sue somebody?

CARLOS MENESES:  No, sir.

[dkt item 11, Exh. H at 4:6-10]

After the 341 Meeting, on November 10, 2005, the Trustee issued a Report of No Distribution.

On December 13, 2005, Debtor commenced an action in the United States District Court for the Southern District of New York against the LIRR, pursuant to the Federal Employers'

Liability Act ("FELA"). Therein, Debtor asserted claims and sought recovery of substantial money damages allegedly arising from the Accident (the "Personal Injury Action"). [dkt item 8, Exh. C].

As noted, on January 19, 2006, this Court granted Debtor his discharge, and Debtor's case was closed. [dkt item 5]  At no time prior to this case being closed did Debtor disclose his claim or the Personal Injury Action to either this Court or the Trustee.

The Personal Injury Action proceeded for over three years after this case was closed.  On March 12, 2009, the presiding United States District Judge in the Personal Injury Action, the Honorable Barbara S. Jones, issued a Memorandum Opinion and Order granting the LIRR's Motion for Summary Judgment and dismissing Debtor's complaint (the "Dismissal Order").  The Dismissal Order was based upon Debtor's lack of standing to assert a FELA claim, as such claim belonged to this bankruptcy estate.  Judge Jones, however, granted leave to reopen the Personal Injury Action upon an application made by the Trustee, if made within ninety days of entry of the Dismissal Order. [dkt item 8, Exh. D]

Litigation Counsel then contacted the Trustee in an effort to have the Trustee pursue a motion to reopen the Personal Injury Action.  However, due to passage of over three years since this bankruptcy case had been closed, the Trustee declined. [dkt item 8, Exh. E]

On October 28, 2009, more than two months after the time granted by Judge Jones to seek to reopen the Personal Injury Action had expired, Debtor filed the instant Motion.  He seeks to reopen this case, amend his Schedules to include the claim against LIRR, and amend his exemptions to claim an exemption in any settlement or disposition of the Personal Injury Action. [dkt item 7]  In the Motion, Debtor asserts an anticipated settlement of $50,000.00 of the Personal Injury Action after legal fees and costs, and asserts an exemption of $7,500.00 therein.

[dkt item 7, ¶ 5] To establish cause to grant the Motion, Debtor asserts his failure to list the Personal Injury Action was inadvertent.

LIRR argues that Debtor's retention of Litigation Counsel to pursue the Personal Injury Action days before filing the Petition is evidence of his knowledge of the claim. [dkt item 9-1] LIRR alleges Debtor did not demonstrate good faith to reopen this case and contends the reopening of this case would provide benefit only to Debtor. [dkt item 9-1] This Court agrees with both of LIRR's assertions.

## Legal Analysis

Section 350(b) of the Bankruptcy Code permits a court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *In re Smith*, 400 B.R. 370, 376 (Bankr. E.D.N.Y. 2009). The statute's permissive language provides the Court with broad discretion to determine whether a debtor filed a motion to reopen in good faith or has demonstrated good cause. *Id*.; *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008); *accord In re Stein*, 394 B.R. 13, 13 (Bankr. E.D.N.Y. 2008).

### *Debtor Has Not Demonstrated Good Faith or Cause Supporting the Motion*

"A long standing tenet of bankruptcy law requires that one seeking its benefits satisfy a companion duty to schedule all his interests and property rights." *Lowery*, 398 B.R. at 515. A failure to disclose an asset may be due to a debtor's lack of knowledge or lack of motive for concealment of the asset. *Id.* Here, Debtor asserts his failure to disclose the Personal Injury Action on his Schedules was inadvertent. However, there is no question that he had knowledge of the claim before he filed the Petition, before the 341 Meeting, and well before this case was closed.

First, although Debtor did not commence the Personal Injury Action until after he filed the Petition, his cause of action accrued prior to the Petition, when he had the Accident. *See Meneses v. Long Island R.R. Co.*, No. 05 Civ 10625, 2009 WL 666882, *3 (S.D.N.Y. Mar. 13, 2009) (citing *Bababekov v. Long Island R.R. Co.*, No. 03-CV-3477, 2006 WL 229914 at *4 (E.D.N.Y. Jan. 31, 2006)). Debtor should have been aware of his cause of action when he completed and signed his Schedules indicating he did not own any such claims. This is particularly so given the pain and discomfort he alleges he suffered from an incident that he alleges caused him to miss two months of work, endure months of medical treatment and testing, and suffer permanent injuries to his lower back and spine .

Second, Debtor retained Litigation Counsel in the Personal Injury Action prior to the 341 Meeting, so he must have been aware of his claim. Further, even if he was not consciously thinking of the claim when he went to the 341 Meeting, he should have thought of his claims when the Trustee asked if he had any claims where he could sue somebody. Based on these circumstances, this Court cannot view Debtor's failure to disclose as inadvertent.

Further, Debtor's failure to amend his schedules at any time during the four months his bankruptcy case was pending, and his failure to act until after the District Court dismissed the Personal Injury Action, do not support Debtor's assertion that he filed the Motion in good faith. Debtor prosecuted his Personal Injury Action for nearly four years before filing his Motion. In fact, Debtor waited until after his options to reopen his case in the District Court had been foreclosed before even filing this Motion. Therefore, the Court does not find that the Debtor demonstrated good faith in filing the Motion.

The court may also view a debtor's failure to disclose an asset as inadvertent because of a lack of motive to conceal the assets. *Lowery*, 398 B.R. at 515. Also, when considering whether

cause exists to grant a motion to reopen, a court will consider "the benefit to the debtor, the prejudice to the affected entity . . . [and] the benefit to the creditors." *Stein*, 394 B.R. at 13 (citing *In re Koch*, 229 B.R. 78, 85-86 (Bankr. E.D.N.Y. 1999). Here, though, Debtor's motive can be implied from what he would gain if he did not have to pay his creditors. Debtor's Schedules list claims of creditors valued at $48,868.49. Because Debtor received his discharge, he would have benefitted by being able to keep the entire recovery from the Personal Injury Action, which he estimated at $50,000.00 net of legal fees and costs. Now, even if the Court were to grant the Motion and the District Court allowed Debtor to restore the Personal Injury Action, and even if the Debtor were to recover a settlement with adequate funds to pay his creditors, because four years have lapsed since the case was closed, few creditors would likely file proofs of claim. Thus, Debtor stands to gain substantially from his non-disclosure and reopening of his case, which would minimally, if at all, benefit his creditors. Given that the Debtor would benefit the most from his failure to disclose, this Court is not inclined to grant the Motion. *See Koch*, 229 B.R. at 85-87 (considering the parties who benefit or are prejudiced by the granting of a motion to reopen).

### *Deference Should Be Given to the District Court's Dismissal Order*

In the Dismissal Order, the District Court found that the Debtor lacked standing to pursue the Personal Injury Action because he failed to "schedule his claim as an asset of his bankruptcy estate." *Meneses*, No. 05 Civ 10625, 2009 WL 666882, at *2. The District Court determined that Debtor's cause of action accrued when he suffered the Accident, that he knew of his claim at the time he filed his Petition, and that he failed to disclose the claim in his Schedules. *Id.* at *3. Instead of dismissing the Personal Injury Action outright, as noted the District Court "dismissed with leave to restore within ninety (90) days of" March 13, 2009, upon a request made by the

Trustee. *Id.* The Trustee was given the opportunity to seek to reopen the lawsuit, but expressly declined to pursue the Personal Injury Action.

Thus, asking this Court to reopen this case either has no purpose, or is an effort to make an end run around the District Court's Dismissal Order. The District Court has already dismissed the Personal Injury Action without giving Debtor the option to seek to reopen that action, so reopening this case would seem to serve no purpose. Alternatively, if Debtor seeks to reopen this case in order to ask the District Court to reconsider its ruling on Debtor's lack of standing to assert the FELA claim, then that would appear to this Court as Debtor seeking to end-run the District Court's Dismissal Order. Debtor could have asked the District Court to give him time to seek to reopen this case before dismissing the Personal Injury Action, and either failed to do so or did so and was unsuccessful. The issues engendered by the relief sought here appear to this Court to be identical to or, at a minimum, substantially overlap with, those presented to and decided by the District Court. This Court should and will give deference to the District Court.

## Conclusion

For the reasons stated herein, the Debtor's Motion is denied. A separate Order hereon shall issue.



**Dated: March 3, 2010**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**